# UNITED STATES' DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**CIVIL CASE NUMBER:**

**CHUKWUMA E. AZUBUKO**
**Plaintiff**

Case: 1:20-cv-00590   Jury Demand
Assigned To : Unassigned
Assign. Date : 2/26/2020
Description: Pro Se Gen. Civil  (F Deck)

**V.**

**01)**   **RYA W. ZOBEL - IN INDIVIDUAL AND OFFICIAL CAPACITIES**

**02)**   **TWO UNKNOWN FEDERAL MARSHALS**

**03)**   **LIAM O'GRADY – IN INDIVIDUAL AND OFFICIAL CAPACITIES**

**04)**   **PAUL VICTOR NIEMEYER – IN INDIVIDUAL & OFFICIAL CAPACITIES**

**05)**   **ROBERT BRUCE KING – IN INDIVIDUAL & OFFICIAL CAPACITIES**

**06)**   **BARBARA MILANO KEENAN – IN INDIVIDUAL & OFFICIAL CAPS. &07**

**07)**   **JOEL STEMBRIDGE – IN INDIVIDUAL AND OFFICIAL CAPACITIES**

**08)**   **JOEL A. PISANO – IN INDIVIDUAL & OFFICIAL CAPACITIES**

**09)**   **MARCIA M. WALDRON – IN INDIVIDUAL & OFFICIAL CAPACITIES**

**10)**   **LEO T. SOROKIN – IN INDIVIDUAL & OFFICIAL CAPACITIES**

**11)**   **DENNIS MICHAEL FISHER – IN INDIVIDUAL & OFFICIAL CAPACITIES**

**12)**   **RUGGERO J. ADISERT – IN INDIVIDUAL AND OFFICIAL CAPACITIES**

**13)**   **JOSEPH F. WEIS JR. – IN INDIVIDUAL & OFFICIAL CAPACITIES and**

**14)**   **DOCIA L. DALBY – IN INDIVIDUAL & OFFICIAL CAPACITIES**
**Defendants**



RECEIVED
Mail Room

FEB 2 6 2020

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## COMPLAINT

## INTRODUCTION

The case had been in the court before; this is a relitigation owing to prevalence of crass injustice. *Res judicata* resoundingly has its qualifications or mitigating tolls. Controllings precedents exist, but the Plaintiff choose not to cite them for time's savings. Hopefully, the Defendants via their attorneys will reciprocate – avoidance of prostitution of much-needed time on trivialities. Time should be maximized rather optimized, indeed! The lawsuit primarily flew from the lawsuit, which the Plaintiff commenced at the United States' District Court for the Eastern District of Massachusetts in 2005 and it was assigned to the first Defendant. The docket number was 05-cv-10068-RWZ. [**C.f. App. 1**] Factly, there was no basis for the first Defendant to issue a warrant for the Plaintiff's arrest on a civil case, which the Plaintiff commenced by and large. It is a case of *quo warranto* – "On whose authority was she acting? The answer is none! Therefore, neither qualified nor absolute judicial immunity applies in this case, all things being equal. Glory, knowingly false reasonings are impermissible thus legal's ethics.

## PARTIES

The Plaintiff is a resident of the Suffolk County – Massachusetts – United States. The Plaintiff's contact address will be as stated below. The first Defendant is a judge at the United States' District Court for the Eastern District of Massachusetts. The second Defendants are the federal's marshals at the court mentioned above. They came to arrest the Plaintiff in a classroom in 2005 under the auspices of the seventh Defendant who was the headmaster at the John O'Bryant School of Science and Mathematics – one of the three examination schools of the Boston's Public School located in Roxbury – Massachusetts. The third Defendant is a judge at the United States' District Court for the Eastern District of Virginia at Alexandria. He wobbled over the

case of *Azubuko v. Zobel* & others with docket number as 1:12-cv-00871-LO-TCB). The case was appealed to the Fourth Circuit, the fourth, fifth and sixth Defendants wobbled over it or knowingly characteristically condemned the Plaintiff to injury and error of law – *miscarriage of justice*; in their own word they "Dismissed by unpublished *per curiam* opinion" on March 28, 2013. [**C.f. App. 2**] The third Defendant's docket sheets should be tendered! [**C.f. App. 3**] The sixth Defendant should not have authorized the second Defendants to arrest the Plaintiff while in the classroom on mere civil charges; he owed the Plaintiff an irrefutable *duty of care* and the duty of care was intentionally or negligently breached by all indications. Glory, the second Defendants were humane enough not to arrest the Plaintiff before the pupils or students. Nonetheless, it was humiliating or *defamatory* to be known to the Plaintiff's colleagues that the Plaintiff was arrested at work and the Plaintiff appreciated their civility in this respect.

Again, the seventh Defendant was the headmaster at the school mentioned *supra*. The eight Defendant was a judge at the United States' District Court for the District of New Jersey where the Plaintiff originally filed the lawsuit against the first Defendant and others; the docket number at the said court was 05-cv-03888. The case was appealed to the Third Circuit and *miscarriage of justice* prevailed as expected. The ninth Defendant is the Court Clerk at the United States' District Court of Appeals for the Third Circuit; evidently, she aided and abetted in the Plaintiff's condemnation to miscarriage of justice. The tenth Defendant is a judge at the United States' District Court for the District of Massachusetts now. He understood the surrounding circumstances to the case, but elected to continue adjudication of the case on the Plaintiff bail hearing without fee payment.

The tenth and thirteenth Defendants wobbled over the case at the Third Circuit. [C.f. **App. 4**]

On official capacity, the Defendants contact address will be: United States' Attorney General, United States Department of Justice, 950 Pennsylvania Avenue NW, Washington DC 20530. On individual capacity, the first, second and tenth Defendants' contact address will be: United States' District Court for the Eastern District of Massachusetts, One Courthouse Way – Room 2300, Boston – MA 02210.

On the third Defendant, his contact address on individual capacity will be: United States' District Court, 401 Courthouse Square, Alexandria, VA 22314. On the fourth, fifth and sixth Defendants, the contact address will be: Patricia S. Connor – Clerk, U.S. Appeals for the Fourth Circuit, 1100 East Main Street – Suite 501, Richmond – Virginia 23219. The seventh Defendant's contact address will be: Law Department, Boston City Hall – Room 615, Boston, MA 02201. On the eight Defendant, his contact address on individual capacity will be: United States District Court for the District of New Jersey, 50 Walnut Street, Newark – NJ 07102. On the ninth, eleventh, twelfth and thirteenth Defendants, on personal capacity, there contact address will be: United States Court of Appeals for the Third Circuit, 21400 U.S. Courthouse, 601 Market Street, Philadelphia – PA 19106-1790.

The fourteenth Defendant is/was a clerk at the United States' District Court – Middle – Louisiana with the docket number as 04-838-D-3. She transferred the case to the United States' District Court for the District of Massachusetts despite clear-cut existence of jurisdiction and the Plaintiff was consequently condemned to obvious miscarriage of justice, indeed.

## JURISDICTION

That exists on constitutional, statutory and procedural bases, indeed! [Article III; Fourth Amendment; Fifth Amendment; 28 U.S.C. Secs. 1343, 1346(b) ..., 1361, 2674 and 2680(h);

Fed. R. Civ. P. 4; Mass. Const. Arts. 6 and 10-12; Mass. Gen. 249 Secs. 5 and 6; Mass. Gen. Law 258 Secs. 1-10; The Universal Declaration of Human Rights (1948); ...]

**VENUE**

That should not be a problem either! The existence of jurisdiction dwarfs the sub-head. Much time should not be wasted by the necessary parties on the matter in question. The Court should not transfer this case to the United States' District Court for the District of Massachusetts as usual for lack of venue. Venue exists statutorily, though the Constitution is reticent on it!

**BASES OF COMPLAINT**

01) That the Defendants knowingly condemned the Plaintiff to *miscarriage of justice* or *injury and error of law*.

02) That the Defendants knowingly violated the Plaintiff's Civil Rights Act of 1964.

03) That the first Defendant issuance of an arrest warrant on a civil case, which the Plaintiff Filed was legally improper or unreasonable. [**See App. 1**]

03) That the Defendants' actions culminated into the deprivation of the Plaintiff liberty's and property's interests, indeed.

04) That the Defendants' actions represented intentional infliction of emotional distress.

05) That the Defendants' actions represented negligent infliction of emotional distress.

06) That the Defendants' actions represented lack of *skill* and *but for* doctrines.

07) That the Defendants' actions justified deliberate indifference and unusual cruelty.

08) That the Defendants' actions violated the United States' criminal law.

09) That the Defendants' actions violated clearly the United States' Judicial Code of Conduct.

10) That the Defendants' actions qualified for perjury and violation of oath of office.

11) That the first Defendant order to arrest the Plaintiff for a civil lawsuit the Plaintiff commenced in 2005 is in the Plaintiff's criminal record hitherto.

12) That the Defendants' violated Equal Protection and Due Process Clauses requirements of the Fifth Amendment given non-applicability of the 14th Amendment to federal's officials [as is known from time immemorial]

## PLAINTIFF'S DEMAND FOR JURY TRIAL

The sub-head is in keepings with the matchless Law of the Land! [Seventh Amendment; Mass. Const. Art. 15]

## PLAINTIFF AND RELIEVES SOUGHT

The sub-head is in keepings with 28 U.S.C. Sec. 1361. In essence, the Defendants who presided over the case at the Third and Fourth Circuits with docket numbers as 05-5328 and 12-2546 respectively should enter judgment in favor of the Plaintiff owing to difference in the Defendants-Appellees. Or, the District Courts should do so as it pleases the Court. Secondly, the first Defendant should be ordered to vacate the case of *Azubuko v. Cathrine H. Gallergher Cooperative Housing et al* with docket number as 1:05-cv-10068-RWZ. The case led to the arrest warrant issuance and the Plaintiff's arrest in the classroom reiteratively! Thirdly, the United States' District Court or the first Defendant should reimburse the Plaintiff interest the $22.00 in total the Plaintiff had expended to get the official transcript of the civil case turned into criminal record; the Massachusetts' District Court Clerk office has record of the transactions – 2016 and 2019 [- speaking under subject to correct on the former]

## COMPENSATORY AND PUNITIVE DAMAGES

That will be in the amount of $10m on official capacity and $20m on individual capacity. Cost and interest are excluded [as is the rule]

## CONCLUSION

The importance of Equal Protection and Due Process cannot be over-emphasized! The Plaintiff is not crying for the moon legally speakings, indeed! Hopefully, self-respect, respect of the United States' Constitution, respect of the rule of law and respect for the oath of office will not be trivialized with calmness of mind. Above all, the Plaintiff effusively prays the august Court to ensuring that "Justice will be done and be seen to be done," at all material times no matter whose ox will be gored or how high placed. Of course, the Law of the Land is no respecter of any person. The Court should ensure that truth and justice will not be swept under the rug as the Defendants did so far.

CHUKWUMA E. AZUBUKO
*Pro Se*
P O Box 171121
Boston – MA 02117
Telephone: (857) 417 2044

**Dated in Boston – Massachusetts – on Wednesday – February 12th – 2020.**

Chukwuma E. Azubuko
P. O. Box 171121
BOSTON – MA 02117

CERTIFIED MAIL

7019 1640 0000 8931 8474





1000        20001

U.S. P
FCM L
DORC
02122
FEB 2
AMOU
$
R2305

The Clerk
United States District Court
For The District of Columbia – Civil
333 Constitution Avenue – NW
WASHINGTON DC 20001